# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JEFFERY W. REITER, <br><br> Petitioner, <br><br> v. <br><br> WABASH VALLEY CORRECTIONAL FACILITY, <br><br> Respondent. | ) <br> ) <br> ) <br> ) No. 2:12-cv-0020-WTL-WGH <br> ) <br> ) <br> ) <br> ) <br> ) |

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Jeffery W. Reiter for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

### I.

### A.

Reiter was convicted of murder in an Indiana state court. He now seeks habeas corpus relief, contending that: (1) trial counsel was ineffective; (2) appellate counsel was ineffective; (3) there was insufficient evidence to support his murder conviction; (4) the trial court erred by not tendering a reckless homicide instruction; (5) there was prosecutorial misconduct; and (6) the trial court erroneously adjudicated Reiter an habitual offender.[1]

### B.

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. § 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief. The statute of limitations applicable to federal habeas corpus actions "was Congress' primary

---

[1] Reiter has not replied to the respondent's return to order to show cause. The effect of this, pursuant to 28 U.S.C. § 2248, is that "[t]he allegations of . . . an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true."

vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000).

## C.

The facts pertinent to the computation of the statute of limitations are the following:

1. Reiter was found guilty of murder on November 15, 2000, and he was sentenced on December 15, 2000.

2. Reiter appealed. The conviction was affirmed in Reiter *v. State*, No. 82A01-0101-CR-43 (Ind.Ct.App. Aug. 30, 2001). Reiter did not seek transfer to the Indiana Supreme Court.

3. Reiter then filed an action for post-conviction relief on June 4, 2002, which was withdrawn on June 28, 2004.

4. Reiter filed an action for post-conviction relief on December 7, 2004.

5. Reiter's post-conviction action was dismissed on July 7, 2006.

6. On August 4, 2006, Reiter filed a notice of appeal from the dismissal of the post-conviction action.

7. Reiter's appeal was dismissed on February 5, 2008.

8. Reiter filed a motion to reconsider the dismissal of his appeal on July 11, 2008.

9. On May 18, 2009, Reiter filed a request for permission to file a successive petition for post-conviction relief. This request included for the first time all claims raised in his federal petition for writ of habeas corpus.

10. On June 8, 2009, the Indiana Court of Appeals declined to authorize Reiter's request for permission to file a successive petition for post-conviction relief.

11. On January 23, 2012, Reiter signed and dated his petition for writ of habeas corpus, which was file stamped with this court on January 25, 2012.

12. The present action was filed with the clerk on January 23, 2012, based on the habeas petition Reiter signed on that day.

**D.**

The legal significance of the foregoing facts is the following:

- Reiter's conviction became final for statute of limitations purposes on November 28, 2001, the last day on which he could have filed a petition for a writ of certiorari from the decision of the Indiana Court of Appeals in his direct appeal. *See Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired).

- Reiter's June 4, 2002, filing of his petition for post-conviction relief tolled the AEDPA's one-year statute of limitations for seeking habeas review. At that point, 188 days had run on the AEDPA one-year statute of limitations.

- On June 28, 2004, the running of the statute of limitations resumed when Reiter's motion to withdraw his post-conviction action was granted.

- On December 7, 2004, Reiter filed a petition for post-conviction relief, at which time an additional 162 days had run. The filing of the December 7, 2004, petition for post-conviction relief tolled the AEDPA's one-year statute of limitations for seeking habeas review.

- Reiter's post-conviction action was dismissed on July 7, 2006, and he appealed the dismissal on August 4, 2006. On February 5, 2008, Reiter's appeal was dismissed. Reiter filed a motion to reconsider the dismissal on July 11, 2008.

- The statute of limitations established by 28 U.S.C. 2244(d) expired in Reiter's case on February 20, 2008, having been tolled while the June 4, 2002, and the December 7, 2004, petitions for post-conviction relief were pending in the trial court. The statute of limitations was first tolled from June 4, 2002, until the first petition was withdrawn on June 28, 2004. The statute of limitations was once again tolled from December 7, 2004 until the February 5, 2008, dismissal of Reiter's appeal of the post-conviction dismissal.

- Reiter's habeas petition was filed nearly four years after the statute of limitations expired.

**E.**

In his petition for a writ of habeas corpus, Reiter raises six claims. These claims were first presented to the Indiana state courts in the memorandum of law accompanying Reiter's request for permission to file a successive petition for post-conviction relief. The failure to present these claims in either his direct appeal or in

his petition for post-conviction relief constitutes his procedural default as to the claims in his habeas petition. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999) (the federal habeas statute requires a petitioner "[to] give the state courts one full opportunity to resolve constitutional issues by invoking one complete round of the State's established appellate review process").

When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's "*actual* and substantial disadvantage,"; or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence. *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted); *see also Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir. 2002), *cert. denied,* 537 U.S. 1214 (2003). Reiter has not shown these circumstances here.

### F.

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Reiter has encountered the hurdles produced by the 1-year statute of limitations and procedural default. He has not shown the existence of circumstances permitting him to overcome these hurdles, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

### II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Reiter has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 09/21/2012

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffery W. Reiter
No. 110175
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
Carlisle, IN 47838

All Electronically Registered Counsel